This Indian claims case comes before the court on defendant’s motion for summary judgment. Plaintiff pro se seeks damages for the alleged breach of fiduciary duty by the Bureau of Indian Affairs with respect to the appointment of a guardian ad litem for a minor heir in a sale of land transaction. The Government maintains, inter alia,[1] that the action is barred by the statute of limitations, 28 U.S.C. § 2501 (1976). We agree.
Plaintiff is the grandson of Adelaide Clark, who was a member of the Fond du Lac Chippewa Tribe and allottee of *779 a restricted fee land patent. Plaintiffs father, Ned Clark, was one of six designated heirs of allottee; Ned was two years old in 1907 when allottee died.
In 1916, a petition to sell the allotment was filed by the adult heirs with one adult heir signing on behalf of the minor heirs. The Bureau of Indian Affairs informed its local agency that, in order to effectuate the sale, it would be necessary to secure the appointment of a legal guardian for the minor heirs as well as a judicial order authorizing the guardian to act on their behalf.
On January 6, 1917, the Carlton County, Minnesota probate court appointed the brother of Adelaide Clark guardian of the minor heirs; on February 24, 1917, the probate court confirmed its order authorizing the sale of the allotment. Some sixty years later, plaintiff filed suit in this court.
Plaintiff argues that the appointment of the guardian by the Minnesota probate court was improper and challenges the legal adequacy of Ned Clark’s consent and the validity of the sale. The Government argues that plaintiffs petition is untimely. In response to the Government’s argument that the action is time-barred, plaintiff merely reiterates the above sequence of events, emphasizing Ned Clark’s ignorance of his interest in the estate of Adelaide Clark.
This case is governed by 28 U.S.C. §2501 (1976), which provides in pertinent part: "A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.” [Emphasis added.]
In the instant case, the alleged cause of action accrued in 1917 with the sale of the allotment. At that time all events had occurred which fixed the alleged liability of the Government and fixed the right of the injured party to sue. Fattore v. United States, 160 Ct.Cl. 666, 670, 312 F.2d 797, 800 (1963). No action was taken at that time.
However, since Ned Clark was 12 years old in 1917, he was legally incompetent to sue; in 1926 he reached his majority and overcame his legal disability. Under § 2501, he had three additional years in which to bring suit. He failed so to do.
*780 Plaintiff cannot now be allowed to sue in this court over fifty years later. "Ignorance of rights which should be known is not enough [to toll the statute of limitations]. . . . Plaintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable’ at the accrual date.” Japanese War Notes Claim Ass’n of Phil., Inc. v. United States, 178 Ct.Cl. 630, 634, 373 F.2d 356, 359, cert. denied, 389 U.S. 971 (1967). Plaintiff here does not so assert; the statute of limitations has not been tolled.
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is granted. Plaintiff’s petition is dismissed.

 In the alternative, the Government maintains the following: (1) that the United States has not consented to be sued in this instance; (2) that plaintiffs present collateral attack on the Minnesota probate court’s 1917 action is impermissible; and (3) that, in any event, the Department of Interior in 1917 fully complied with applicable law and regulations. Since we hold that the plaintiffs claim is time-barred, we find it unnecessary to reach these issues.